UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOEY GUISTI                                         CIVIL ACTION

VERSUS                                              NO. 06-10821

AUTO CLUB INSURANCE COMPANY                         SECTION T(4)

**ORDER AND REASONS**

Before the Court is Plaintiff Joey Guisti's Motion to Remand. Rec. Doc. No. 23. For the following reasons, the motion is **DENIED**.

**I.    Background**

Plaintiff filed this suit on August 28, 2006 in the 34th Judicial District Court of Louisiana naming as defendants The Auto Club Insurance Company ("Auto Club"), a non-Louisiana domiciliary; Country Wide Home Loan ("Country Wide"), also a non-Louisiana domiciliary; and Eustis Insurance Agency ("Eustis"), a Louisiana corporation. In his complaint, plaintiff alleges that he had a homeowner's insurance policy, insuring the dwelling and personal property located at 2804 Riverbend Drive in Violet, Louisiana. The plaintiff avers that the policy was sold to him by defendant Eustis, an employee or agent of Auto Club. Plaintiff's home was totally destroyed in Hurricane Katrina allegedly by wind, rain, wind-driven rain and flooding.

Plaintiff avers that the property was insured by Auto Club, under a homeowner's policy, and that the property was previously covered under a separate National Flood Insurance Program ("NFIP") policy specifically insuring against flood. Plaintiff alleges that it was only after Hurricane Katrina that he learned that the policy was cancelled due to non-payment.

The homeowner's policy carried coverage in an amount around $90,000 for the structure, around $9,600 for other structures and around $50,000 for personal property and up to a year of Additional Living Expenses.  Plaintiff alleges that to this day he has not been properly compensated for his losses or for additional living expenses and brings claims for damages, penalties, costs and attorney's fees. Rec. Doc. No. 1-3.

**II.	28 USC §1332 Federal Jurisdiction**

Defendant Auto Club removed this action to federal court on December 7, 2006. Defendant's basis of removal was diversity of jurisdiction under 28 USC § 1332 .  Although a Louisiana corporation, Eustis, is a named defendant in the case, which would destroy complete diversity and preclude federal jurisdiction, Auto Club avers that Eustis has been improperly joined to defeat diversity jurisdiction and that therefore removal is proper.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, *i.e.* the citizenship

of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed 435 (1806).  Despite the presence of a non-diverse party, the federal court may retain jurisdiction should it conclude that the plaintiff improperly and without basis joined the non-diverse party. Smallwood v. Illinois Central Railroad Co., 352 Fed. 3d 220, 222 (5th Cir. 2003).

To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Railroad Co., 252 F.3d 220, 222-23 (5th Cir. 2003); See also, B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Smallwood, 352 F.3d at 223 (citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." Rich III v. Bud's Boat Rentals, Inc., 1997 WL 785668, *2 (E.D. La. 2003) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)(emphasis added)).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. Englande v. Glaxo Smithkline, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  Englande, 206 F. Supp. 2d at 819 (citing B.,

3

Inc., 663 F.2d at 545).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  Englande, 206 F. Supp. 2d at 817 (citing Cavallini, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  Smallwood, 352 F.3d at 222.

### III.    Plaintiff's Causes of Action Against Eustis

Plaintiff argues that no diversity jurisdiction exists in this case because Eustis, a Louisiana corporation was properly joined as defendant.  Plaintiff's claims against Eustis are for failure to advise, recommend and adequately protect the plaintiff from hurricane losses and/or the cancellation of his flood coverage.  Plaintiff avers that such failure constitutes negligence and is actionable. See Rec. Doc. No. 23-2, p. 1-2.  Plaintiff alleges that Eustis caused the plaintiff to be unaware of a clause in the policy that prevented the plaintiff from collecting on the damage caused by wind whenever there was some damage caused by water. Id. Plaintiff also alleges that he was not provided with and did not receive a copy of Auto Club's policy when it was purchased, and that the plaintiff relied on Eustis to communicate and to explain the contents of such policy. As such, plaintiff avers that Eustis' failure to notify the plaintiff of the cancellation of flood coverage constitutes a breach of its duty to the plaintiff.

Plaintiff avers that all defendants, including Eustis, should be held jointly and severally liable for the damages he has incurred, and that therefore he can state a claim against Eustis. Plaintiff cites La. R. S. 22:1142 for the proposition that an insurance producer, such as Eustis may be disciplined for misrepresenting the terms of an insurance contract, an allegation made in

4

the plaintiff's complaint.  It is true that Louisiana law recognizes the right of recovery by an insured against an insurance agent, who undertakes to procure insurance for another and who owes him an obligation to use reasonable diligence in attempting to place the insurance for which the insured may recover if he sustains a loss as a result of the agents failure to procure the desired insurance.  Karam vs. AAA Fire & Marine Insurance Company, 281 So. 2nd 728 (La. 1973).

However, in opposition, Eustis argues that a cause of action, even if one existed, cannot be maintained because any actionable claim the plaintiff had against Eustis is perempted under La. R.S. 9:5606.  That statute provides:

> No action for damages against any insurance agent, broker or solicitor, or other similar licensed under the state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to an action filed within one year from the date of such discovery, and all events, such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect....

La. R.S. 9:5606.  This time period is designated by the statute itself as peremptory, meaning that the period may not be renounced, interrupted or suspended.  Id.  Therefore, the three year period begins to run from the date of the act, and if that time has expired, the insured's right has extinguished.

The Court notes that renewals of the policy without additional specific communications

which might constitute alleged misrepresentations of the agent do not interrupt the peremptive period of Louisiana Revised Statute 9:5606. See Bel v. State Farm Mutual Auto Insurance Company, 845 So.2d 377, 380 (La. Ct. App. 1st Cir. 2003)(noting that renewals were nothing more than the continuation of the "ill effects of the original act." Id. at p. 380).  In Bel, the court found that any error or omission occurred when the policy was initially procured, and therefore was perempted pursuant to the three-year period, despite annual renewals for several years and the agent's alleged failure with each renewal to point out the inadequacy of coverage. The court determined that the agent had no occasion to misrepresent the amount of coverage after the issuance of the original policy. Id.

Plaintiff's claims against Eustis as they relate to the failure to inform the plaintiff about the cancellation of the policy have prescribed.  The flood insurance coverage lapsed in August 2002, and Eustis informed the *named* insured, Eunice Guisti by letter that the insurance was cancelled due to non-payment.  Even if Eustis also had an obligation to inform Joey Guisti that the policy had been cancelled, the cancellation occurred more than three years before this suit was filed.

As to the claims relating to misrepresentations by Eustis to Mr. Guisti, and/or its failure to inform him of certain policy exclusions, there has been no evidence adduced that Mr. Guisti had any contact with Eustis wherein Eustis would have had an opportunity to misrepresent to him the conditions of the policy, except at such time that the policy was issued.  As such, there is no evidence that there were on-going misrepresentations that would give rise to a "start date" for peremption at any time other than the issuance of the policy in 2001. As suit was not filed until

2006, any claim relating to misrepresentations in the issuance of the policy have since prescribed.

In his supplemental memorandum in support of the Motion to Remand, the plaintiff avers that this Court should reserve judgment on whether the plaintiff's claims against Eustis have been perempted until jurisdiction has been established and further discovery has been conducted.  However, an analysis of whether the plaintiff can state a claim against Eustis is essential to the jurisdictional determination. Plaintiff also avers that whether he can prove negligent misrepresentation is to be reserved for a trial on the merits and not to be determined in a Motion to Remand and alleges that Auto Club does not address the allegation that Eustis did not notice him of the cancellation.

The plaintiff correctly states that "[i]n making its determination the court mist [sic] ordinarily evaluate all of the <u>factual allegations in the plaintiff's state court pleadings</u> in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  Rec. Doc. No. 43, p. 3 (emphasis added). The Court's determination that claims against Eustis have been perempted is not an adjudication of the merits of such claims.  The Court, taking into consideration the allegations contained in the Complaint finds that there is no allegation that Eustis committed any acts or omissions after the issuance of the policy that would serve to re-start the peremptive period. Similarly, the plaintiff also adduces no evidence that the "start date" for peremption of claims relating to the cancellation of the flood policy should be

any later than the date at which the policy was cancelled in 2002.[1]  As such, these claims are peremppted by law.

As any claims against Eustis have been peremppted, plaintiff can not state a claim against this defendant. Therefore, Eustis is improperly joined in this litigation, and should not be considered in the Court's jurisdictional analysis.  As the only party destroying complete diversity has been deemed to have been improperly joined, this Court finds that complete diversity exists, and therefore this Court has jurisdiction over the instant matter.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of the plaintiff be **DENIED**.

New Orleans, Louisiana, this 16th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.

---

[1] The Court also takes judicial notice of the fact that the plaintiff was never the named insured on the flood insurance policy at issue.  The policy was issued in the name of the plaintiff's now ex-wife, Eunice Guisti, and she was the only listed named insured.  Mrs. Guisti and The Leader Mortgage Co. were allegedly noticed of the cancellation.  The plaintiff, who was never a named insured on the flood policy had no right to be notified directly of any policy cancellation.